UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DANIEL ROBERT HUDSON,

                                        Plaintiff,          Case # 19-CV-909-FPG

v.                                                                        DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,
                                        Defendant.
_____

## INTRODUCTION

On April 14, 2016, Plaintiff Daniel Robert Hudson protectively applied for Disability Insurance Benefits under Title II of the Social Security Act (the "Act") alleging disability beginning May 14, 2015. Tr.[1] 146. The Social Security Administration ("SSA") initially denied his claim, Tr. 80-84, and Plaintiff appeared, with counsel, at a hearing on November 20, 2018 before Administrative Law Judge Ellen Parker Bush (the "ALJ"). Tr. 30-68. On February 21, 2019, the ALJ issued an unfavorable decision. Tr. 10-20. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[2] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 8, 13. For the reasons that follow, Plaintiff's motion is GRANTED and the Commissioner's motion is DENIED. The matter is REMANDED for further proceedings.

## LEGAL STANDARD

**I.    District Court Review**

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de*

---

[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

[2] The Court has jurisdiction over this action under 42 U.S.C. § 405(g); 42 U.S.C. § 1383(c)(3).

1

*novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.     Disability Determination

To determine whether a claimant is disabled within the meaning of the Act, an ALJ follows a five-step sequential evaluation: the ALJ must determine (1) whether the claimant is engaged in substantial gainful work activity; (2) whether the claimant has any "severe" impairments that significantly restrict his or her ability to work; (3) whether the claimant's impairments meet or medically equal the criteria of any listed impairments in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"), and if they do not, what the claimant's residual functional capacity ("RFC") is; (4) whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work; and (5) whether the claimant's RFC permits him or her to perform alternative substantial gainful work which exists in the national economy in light of his or her age, education, and work experience. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986); *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see also* 20 C.F.R. § 404.1520.

**DISCUSSION**

**I.    The ALJ's Decision**

The ALJ analyzed Plaintiff's claim for benefits using the process described above.  At step one, the ALJ found that Plaintiff had not engaged in gainful activity since the application date.  Tr. 12.  At step two, the ALJ found that Plaintiff had the following severe impairments: Multiple Sclerosis, relapsing and remitting; pseudo-bulbar affect; post-traumatic stress disorder; and mood disorder.  Tr. 13.  At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any Listings impairment.  Tr. 13-14.  Next, the ALJ determined that Plaintiff retains the RFC to perform light work but cannot supervise or manage other personnel, can only occasionally interact on a superficial basis with coworkers and supervisors, and can only tolerate infrequent and minor changes to task.  Tr. 15.

At step four, the ALJ found that Plaintiff was unable to perform any past work.  Tr. 18.  At step five, the ALJ determined that there were jobs in the national economy that Plaintiff could perform, and therefore, the ALJ concluded that Plaintiff is not disabled.  Tr. 19.

**II.   Analysis**

Plaintiff contends that the matter should be remanded because (1) the ALJ improperly assessed the opinion evidence from Plaintiff's treating physician assistant, Michael Asbach, P.A., and (2) the ALJ erred in giving "little weight" to the disability questionnaires prepared by the Veterans' Administration ("VA").  ECF No. 8-1 at 13-18.  Because the Court agrees with Plaintiff's second reason, it declines to address the first.

Although determinations made by other agencies regarding a claimant's disability are not binding on the Commissioner, they are "entitled to some weight and should be considered." *Hankerson v. Harris*, 636 F.2d 893, 897 (2d Cir. 1980) (quoting another source); *see* 20 C.F.R. §

404.1504.[3] "Thus, a determination by the VA that a claimant is disabled is entitled to at least 'some weight.'" *Best v. Comm'r of Soc. Sec.*, No. 18-CV-5751 (PKC), 2020 WL 1550251, at *3 (E.D.N.Y. Mar. 31, 2020) (quoting another source).  In other words, "the Commissioner is not generally free to completely disregard a VA disability rating." *Machia v. Astrue*, 670 F. Supp. 2d 326, 335 n.10 (D. Vt. 2009).  "Moreover, the VA's determination is material to the Commissioner if the VA granted a claimant disability benefits based on a claim identical to the one presented to the ALJ." *Stokes v. Astrue*, No. 7:10-CV-1129 MAD, 2012 WL 695856, at *14 (N.D.N.Y. Mar. 1, 2012).  In any event, the Commissioner "should explain the consideration given to [other governmental agencies'] decisions[.]" SSR 06-03p, 2006 WL 2329939, at *7; *see also* 20 C.F.R. § 404.1504.

Here, the ALJ did not give "some weight" to the two VA disability examination ratings, Tr. 222-30, 236-46, both of which resulted in 100% disability findings.  Instead, the ALJ gave them "little weight" because "[t]he criteria used by the VA to establish disability is different from the criteria used by the [SSA]" and the "percentage, without any specific functional limitations, is conclusory and is not instructive in formulating" Plaintiff's RFC.  Tr. 17.  This was error.

First, it was error for the ALJ to discount the VA decisions simply because they were based "on differing disability standards."  *Coleson v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-02862(KAM), 2020 WL 1989280, at *7 (E.D.N.Y. Apr. 26, 2020) (remanding where ALJ gave "little weight" to VA opinion simply because it was based on a different disability standard).  As explained above, the ALJ has a duty to consider and weigh all opinions from other agencies and explain the ALJ's treatment of them.  By rejecting the VA's decisions out of hand simply because

---

[3] 20 C.F.R. § 404.1504 was amended on March 27, 2017.  In claims filed after that date, the SSA "will not provide any analysis in [their] determination or decision about a decision made by any other governmental agency . . . about whether you are disabled."  20 C.F.R. § 404.1504.

they were generated by another agency employing a different standard, the ALJ failed to "consider" the substance of these other-agency opinions. *Cf. Parvon v. Comm'r of Soc. Sec.*, No. 18-CV-226-FPG, 2020 WL 1131220, at *7 (W.D.N.Y. Mar. 9, 2020) (holding that ALJ's failure to address a VA opinion was error).

Second, although a percentage of disability may not be particularly instructive in formulating an RFC, the ALJ ignored the fact that the VA opinions actually contain significant narrative history of Plaintiff's impairments and check-box evaluations of Plaintiff's symptoms and ability to function—all of which could have been instructive in formulating an RFC. For example, the opinion drafted by psychologist William Reynolds on July 10, 2015 set forth the events giving rise to Plaintiff's mental health impairments, *i.e.*, his military service during the Gulf War and his clean-up efforts following the Oklahoma City bombing. Tr. 242. The evaluation describes, in detail, his personal and medical history. The evaluator noted that Plaintiff experienced recurrent memories of traumatic events, experienced physiological reactions to internal and external cues, and attempted to avoid distressing memories, all of which led to markedly diminished interest in participating in activities, feelings of detachment or estrangement, inability to experience positive emotions, irritable behaviors, hypervigilance, exaggerated startle response, problems concentrating, and sleep disturbance. Tr. 243-44. Importantly, the evaluator indicated that Plaintiff experienced mild memory loss and impairment, difficulty understanding complex commands, mood disturbance, difficulty establishing and maintaining effective work and social relationships, and difficulty adapting to stressful circumstances. Tr. 245.

Similarly, the report from psychologist Sandra Jensen on April 4, 2016, indicates that Plaintiff was irritable, seldom leaves the house, and feels indifferent about social life. Tr. 225. Plaintiff noted that he has "a lot of trouble dealing with people in general." Tr. 226. His

impulsivity "resulted in serious gambling issues." Tr. 226. Again, these problems led to Plaintiff's difficulty in establishing and maintaining work and social relationships and difficulty adapting to stressful situations, including a work settling. Tr. 229. These notes are precisely the kind of "specific functional limitations" relevant to an RFC determination that the ALJ said the VA opinions were lacking. The ALJ's mischaracterization of the VA decisions demonstrates that the ALJ did not truly "consider" those decisions. *But see Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) (concluding that ALJ did not err when ALJ *correctly* described the VA's decision).

Remand is required so that the ALJ can properly consider and weigh the VA opinions.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 8, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 13, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: August 17, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court